IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TIMOTHY THRO,
    Plaintiff,

vs.                                  Case No.:  5:08cv120/RS/EMT

FRANK McKEITHEN, et al.,
    Defendants.
_____/

## ORDER

        Plaintiff, a non-prisoner proceeding pro se, has filed a second amended complaint pursuant to 42 U.S.C. § 1983 (Doc. 17). The filing fee has been paid (*see* Docket Entry 7). Upon review of Plaintiff's second amended complaint, the court has determined that it is deficient in several respects. The court will, however, allow Plaintiff another opportunity to correct the deficiencies by filing a third amended complaint.

        Plaintiff names the following Defendants: (1) Frank McKeithen, the Sheriff of Bay County; (2) Richard Bagwell, an investigator with the Bay County Sheriff's Office ("BCSO"); (3) Ricky Ramie, an investigator with the BCSO; (4) "unknowns, BCSO"; and (5) "unknowns, enter [sic] alia" (Doc. 17 at 1–2). Plaintiff generally alleges that Defendants unlawfully obtained a search warrant by knowingly providing false information to a judge (i.e., that Plaintiff's home contained a methamphetamine lab protected by bombs) to induce the judge to sign a search warrant, and further, that Defendants unlawfully detained him and searched his home, knowing that the warrant was obtained on the basis of false information (*see* Doc. 17, Statement of Facts). Plaintiff also contends that a custom, policy, or practice of such misconduct exists within the BCSO (*id.*).

        As an initial matter, Plaintiff must clarify the Defendants in this action. In the style of the case Plaintiff names the four Defendants as listed *supra*; however, in the "Defendants" section of

the complaint form he lists as Defendants Sheriff McKeithen, Investigators Bagwell and Ramie, and "Unknowns, Chain of Command" (Doc. 17 at 1). Therefore, Plaintiff must clarify who he seeks to sue in this action. The Defendants listed in the style of the case must be the same as those listed in the "Defendants" section of the complaint form.

Additionally, regardless of whether Plaintiff seeks to sue "unknowns, BCSO" and "unknowns, enter [sic] alia," as listed in the style of the case (*id.* at 1), or "Unknowns, Chain of Command," as listed in the "Defendants" section of the complaint form (*id.* at 2), Plaintiff is advised that it is incumbent upon him to ascertain the identity of the Defendants, either by name, description, or shift so that they may be served. While the use of John Doe defendants is permissible, if that is what Plaintiff intended, Plaintiff must first seek to determine the identity of each person before the court will direct service upon them. Then John Doe may be used if needed, but Plaintiff must describe as fully as possible any unknown defendants by stating what shift or shifts they work and by further describing his or her appearance. If a John Doe cannot be identified sufficiently in order to summon that individual to appear, dismissal of that defendant from the action will be warranted. Plaintiff, therefore, should consider deleting as Defendants those John Does that cannot be sufficiently identified, and including in his third amended complaint only those Defendants that are named or can be sufficiently identified.

Furthermore, prior to filing the third amended complaint <u>Plaintiff should carefully review this court's order issued July 1, 2008</u> (Doc. 8), which directed Plaintiff to file a second amended complaint and advised Plaintiff that the facts as presented in his original complaint, which are similar to those alleged in the second amended complaint (Doc. 17), failed to support a viable claim for relief as to some or all of the named Defendants. <u>Plaintiff should include in the third amended complaint only those claims and Defendants for which he can state a claim upon which relief can be granted</u>.

In completing the complaint form, Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each

named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint.  Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims.

Accordingly, it is **ORDERED**:

1. The clerk of court shall send Plaintiff a civil rights complaint form for use by non-prisoners.  This case number shall be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file a third amended complaint as directed in this order.  Alternatively, he shall file a notice of voluntary dismissal.

3. Failure to respond to this order as instructed will result in a recommendation of dismissal of this action.

**DONE AND ORDERED** this 19th day of May 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**